# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO G. PAEZ, JR., <br><br>Plaintiff, <br><br>v. <br><br>COMMUNITY REGIONAL MEDICAL CENTER, et al., <br><br>Defendants. | Case No. 1:17-cv-00215-LJO-SAB (PC) <br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND FOR FAILURE TO STATE A CLAIM <br><br>(ECF No. 1) <br><br>THIRTY-DAY DEADLINE |

Plaintiff Guillermo G. Paez, Jr., is appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983. While it is unclear from his complaint whether Plaintiff is a pretrial detainee or a prisoner, Plaintiff was housed at the Fresno County Jail at the time that he filed this action. Currently before the Court is Plaintiff's complaint, filed February 15, 2017. (ECF No. 1.)

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. §

1

1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

On November 12, 2016, Plaintiff went to the emergency room at Community Regional Medical Center ("CRMC") in Fresno for an infection from a spider bite on his arm. (Compl. 5,[1] ECF No. 1.) After being admitted to the hospital, Plaintiff had surgery for the wound and later developed an infection which was found to be a Methicillin Resistant Staph Aureus ("MRSA"). Plaintiff alleges that he developed MRSA due to a dirty medical instrument being used during his surgery. (Compl. 5, 7.) Plaintiff brings this action against the orthopedic surgical team; Supreet Manesh, M.D.; Manternach, M.D.; Maximino Brambila, M.D.; F. Macias, M.D.; the

---

[1] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

1 Chief Medical Officer at CRMC and CRMC alleging violations of the Eighth Amendment and
2 state law claims. (Compl. 5.)

3 Plaintiff's complaint fails to state a cognizable claim for a violation of his federal rights
4 for the reasons discussed herein.

## III.

## ANALYSIS

### A. Plaintiff Fails to State a Claim under Section 1983

8 Plaintiff brings this action alleging that the inadequate medical care he received at CRMC
9 violated the Eighth Amendment's prohibition against cruel and unusual punishment. (Compl. at
10 5.) However, Section 1983 provides a cause of action for the violation of a plaintiff's
11 constitutional or other federal rights by persons acting under color of state law. Nurre v.
12 Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178,
13 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). In this instance,
14 there are no facts alleged from which the Court can infer that any of the defendants were acting
15 under color of law at the time that they treated Plaintiff.

16 Plaintiff states the inadequate medical treatment constituted cruel and unusual
17 punishment in violation of the Eighth Amendment, which prohibits prison conditions that
18 involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347
19 (1981). While it is unclear from Plaintiff's complaint whether he is currently a pretrial detainee
20 or a prisoner, a pretrial detainee's rights are protected under the Due Process Clause of the
21 Fourteenth Amendment, and the standard for claims brought under the Eighth Amendment has
22 long been used to analyze pretrial detainees' conditions of confinement claims. Simmons v.
23 Navajo County, Ariz., 609 F.3d 1011, 1017-18 (9th Cir. 2010); Clouthier v. County of Contra
24 Costa, 591 F.3d 1232, 1242 (9th Cir. 2010); Frost v. Agnos, 152 F.3d 1124, 1128.

25 In this instance, although Plaintiff is currently incarcerated at the Fresno County Jail, he
26 does not allege that he was a pretrial detainee or a prisoner on November 12, 2016. Further, it
27 appears clear from the complaint that he was not in custody on that date. Plaintiff states that on
28 November 12, 2016, he went to the emergency room to seek treatment for the spider bite on his

1 arm. (Compl. at 5.) Plaintiff states that he has had to go back three times for skin graphing but
2 the wound closed up due to Fresno County Jail's health care provider's limited funding. (Compl.
3 at 5.) However, Plaintiff includes a medical record from December 29, 2016, which states:

> HPI: 35 year old male s/p I and D of Right forearm abscess 11/13/16 by the orthopedic surgery team. Burns/plastics consulted for skin graft. The patient was admitted for surgical intervention on his large right forearm abscess. He underwent wound vac placement by plastic surgery, then decided to leave against medical advice. Lost to follow up.
>
> Incarcerated, in general population, states is doing okay. Was taken out of wound vac weeks ago. Currently in baci/adaptic.

(Compl. at 8.)

According to the medical record, Plaintiff was seen after the surgery for a skin graft consultation and left against medical device. He was "lost to follow up." (Compl. at 8.) It is unclear from the complaint when Plaintiff went into the custody of the Fresno County Jail, however, when Plaintiff was next seen on December 29, 2016, he was incarcerated.

Plaintiff cannot state a deliberate indifference claim, since he was not a pretrial detainee or prisoner when he went to CRMC and received treatment on November 12, 2016. Plaintiff has alleged no facts from which it can be inferred that any named defendant was acting under color of law when they treated him during his hospitalization which began on November 12, 2016. The claims raised in the complaint against Plaintiff's medical providers appear to be state law claims over which this Court does not have jurisdiction. The Court finds that Plaintiff has failed to state a claim for relief under section 1983.

**B.     Plaintiff Shall be Granted Leave to File Amended Complaint**

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Fed. R. Civ. P. 15(a)(1). Generally, leave to amend shall be freely given when justice so requires. Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003). "This policy is 'to be applied with extreme liberality.'" Id. (quoting Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001)). Leave to amend should be freely given in the absence of any apparent or declared reason, such as undue delay, bad faith or dilatory motive on the part of the

movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. Id. at 1051-52. Unless it is clear that the complaint cannot be saved by amendment, dismissal with prejudice and without leave to amend is not appropriate. Id. at 1052 (citing Chang v. Chen, 80 F.3d 1293, 1296 (9th Cir. 1996)).

Accordingly, the Court shall provide Plaintiff with an opportunity to file an amended complaint.

## IV.

## CONCLUSION AND ORDER

For the reasons stated, Plaintiff's complaint fails to state a claim for violation of his federal rights. Plaintiff is granted leave to file an amended complaint within thirty (30) days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

///

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Plaintiff's complaint, filed February 15, 2017, is dismissed for failure to state a claim;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed for failure to state a claim.

IT IS SO ORDERED.

Dated:   **February 17, 2017**

UNITED STATES MAGISTRATE JUDGE