# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO G. PAEZ, JR., <br><br> Plaintiff, <br><br> v. <br><br> COMMUNITY REGIONAL MEDICAL CENTER, et al., <br><br> Defendants. | Case No. 1:17-cv-00215-LJO-SAB (PC) <br><br> ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND FOR FAILURE TO STATE A CLAIM <br><br> (ECF No. 5) <br><br> THIRTY DAY DEADLINE |

Plaintiff Guillermo G. Paez, Jr., an inmate in the Fresno County Jail, is appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983. On February 15, 2017, Plaintiff filed a complaint in this action which was dismissed for failure to allege facts that any defendant was acting under color of law. (ECF Nos. 1, 4.) Currently before the Court is Plaintiff's first amended complaint, filed March 6, 2017.

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the

1 pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## DISCUSSION

### A. Plaintiff Has Not Stated a Claim Under Section 1983

As Plaintiff was advised in the February 17, 2017 order dismissing his complaint with leave to amend, section 1983 provides a cause of action for the violation of a plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). In the first amended complaint, Plaintiff states that he went to the hospital on November 16, 2016 for treatment of a spider bite and an incision and drainage was performed by an unknown doctor. (First Am. Compl. 3.) Plaintiff ended up developing Methicillin Resistant Stah Aureus which he alleges is from contact with an infected medical instrument. (Id.) Plaintiff is seeking compensation of $500,000.00. (Id. at 5.)

Plaintiff does not set forth the theory on which he is bringing a federal action in this case and there are no facts alleged from which the Court can infer that the physician who treated Plaintiff was acting under color of law at the time the he treated Plaintiff.

In the February 17, 2017 order dismissing the complaint with leave to amend, the Court found:

> In this instance, although Plaintiff is currently incarcerated at the Fresno County Jail, he does not allege that he was a pretrial detainee or a prisoner on November 12, 2016.  Further, it appears clear from the complaint that he was not in custody on that date.  Plaintiff states that on November 12, 2016, he went to the emergency room to seek treatment for the spider bite on his arm. (Compl. at 5.) Plaintiff states that he has had to go back three times for skin graphing but the wound closed up due to Fresno County Jail's health care provider's limited funding. (Compl. at 5.)  However, Plaintiff includes a medical record from December 29, 2016, which states:
>
>> HPI: 35 year old male s/p I and D of Right forearm abscess 11/13/16 by the orthopedic surgery team.  Burns/plastics consulted for skin graft.  The patient was admitted for surgical intervention on his large right forearm abscess.  He underwent wound vac placement by plastic surgery, then decided to leave against medical advice.  Lost to follow up.
>>
>> Incarcerated, in general population, states is doing okay.  Was taken out of wound vac weeks ago.  Currently in baci/adaptic.
>
> (Compl. at 8.)
>
> According to the medical record, Plaintiff was seen after the surgery for a skin graft consultation and left against medical device.  He was "lost to follow up." (Compl. at 8.)  It is unclear from the complaint when Plaintiff went into the custody of the Fresno County Jail, however, when Plaintiff was next seen on December 29, 2016, he was incarcerated.
>
> Plaintiff cannot state a deliberate indifference claim, since he was not a pretrial detainee or prisoner when he went to CRMC and received treatment on November 12, 2016.  Plaintiff has alleged no facts from which it can be inferred that any named defendant was acting under color of law when they treated him during his hospitalization which began on November 12, 2016.  The claims raised in the complaint against Plaintiff's medical providers appear to be state law claims over which this Court does not have jurisdiction.

(ECF No. 4 at 3-4.)

Plaintiff has failed to allege any facts in the first amended complaint to cure the deficiencies addressed in the February 17, 2017 order.

**B.      Plaintiff Alleges No Facts To Establish Federal Jurisdiction**

Federal courts are courts of limited jurisdiction and their power to adjudicate is limited to

3

that granted by Congress. U.S v. Sumner, 226 F.3d 1005, 1009 (9th Cir. 2000). Pursuant to 28 U.S. C. § 1331, federal courts have original over "all civil actions arising under the Constitution, laws, or treaties of the United States. "A case 'arises under' federal law either where federal law creates the cause of action or where the vindication of a right under state law necessarily turns on some construction of federal law." Republican Party of Guam v. Gutierrez, 277 F.3d 1086, 1088 (9th Cir. 2002) (internal punctuation omitted) (quoting Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 8–9 (1983) (citations omitted)). "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Republican Party of Guam, 277 F.3d at 1089 (citations omitted).

District courts also have original jurisdiction of all civil actions between citizens of different States in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). This requires complete diversity of citizenship and the presence "of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." Abrego Abrego v. The Dow Chemical Co., 443 F.3d 676, 679 (9th Cir. 2006) (citations omitted).

As discussed above, Plaintiff has failed to allege facts to demonstrate that this action arises under federal law. While Plaintiff is seeking damages in excess of the jurisdictional limit for a diversity action, the complaint contains no allegations regarding the citizenship of the parties. Plaintiff shall be granted one final opportunity to file an amended complaint to cure the jurisdictional deficiencies.

### III.

### CONCLUSION AND ORDER

For the reasons stated, Plaintiff's first amended complaint fails to state a claim for violation of his federal rights. Plaintiff is granted **one final opportunity** to file an amended complaint within thirty (30) days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended

complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Plaintiff's amended complaint, filed March 6, 2017, is dismissed for failure to state a claim;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed for failure to state a claim.

IT IS SO ORDERED.

Dated:  **March 10, 2017**

UNITED STATES MAGISTRATE JUDGE