# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO G. PAEZ, JR.,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMUNITY REGIONAL MEDICAL CENTER, et al.,<br><br>    Defendants. | Case No. 1:17-cv-00215-LJO-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL<br><br>(ECF No. 9) |

    Plaintiff Guillermo G. Paez, Jr., is appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983. On March 3, 2017, the Court screened Plaintiff's complaint and found that it failed to state a cognizable claim for relief for violation of Plaintiff's federal rights. (ECF No. 6.) Plaintiff was ordered to file an amended complaint within thirty days. On March 27, 2017, Plaintiff filed a motion for appointment of counsel. (ECF No. 9.)

    Plaintiff does not have a constitutional right to appointed counsel in this action, <u>Rand v. Rowland</u>, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). <u>Mallard v. United States District Court for the Southern District of Iowa</u>, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). <u>Rand</u>, 113 F.3d at 1525.

1    Without a reasonable method of securing and compensating counsel, the court will seek
2 volunteer counsel only in the most serious and exceptional cases. In determining whether
3 "exceptional circumstances exist, the district court must evaluate both the likelihood of success
4 on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the
5 complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

6    The test for exceptional circumstances requires the Court to evaluate the Plaintiff's
7 likelihood of success on the merits and the ability of the Plaintiff to articulate his claims pro se in
8 light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328,
9 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Plaintiff contends
10 that he will have difficulty litigating this action due to his limited access to the library and lack of
11 legal education. However circumstances common to most prisoners, such as lack of legal
12 education and limited law library access, do not establish exceptional circumstances that would
13 warrant a request for voluntary assistance of counsel.

14    Further, in the present case, the Court has twice screened Plaintiff's complaint and found
15 that he has not stated a claim for a violation of his federal rights. In the first amended complaint,
16 Plaintiff is alleging violations of state law which do not implicate his federal rights. The Court
17 does not find the required exceptional circumstances to appoint counsel in this action.
18 Accordingly, Plaintiff's motion for appointment of counsel is HEREBY DENIED without
19 prejudice.

IT IS SO ORDERED.

Dated:   **March 29, 2017**

UNITED STATES MAGISTRATE JUDGE

2