# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO G. PAEZ, JR., <br><br> Plaintiff, <br><br> v. <br><br> COMMUNITY REGIONAL MEDICAL CENTER, et al., <br><br> Defendants. | Case No. 1:17-cv-00215-LJO-SAB (PC) <br><br> FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING ACTION WITH PREJUDICE FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983 <br><br> (ECF No. 11) <br><br> OBJECTIONS DUE WITHIN THIRTY DAYS |

Plaintiff Guillermo G. Paez, Jr. is appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Currently before the Court is Plaintiff's second amended complaint.

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not

required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## BACKGROUND

On November 12, 2016, Plaintiff admitted himself to the emergency room at Community Regional Medical Center ("CRMC") for a spider bite on his right forearm. (Third Am. Compl. 3,[1] ECF No. 11.) At the time, Plaintiff was on parole and receiving medical coverage under the local government assistance program. (Id.) After being diagnosed by medical staff, Plaintiff's arm was treated by Drs. Manesh and Manternach who incised and drained the infection to reduce the swelling. (Id. at 4.) Plaintiff was left with an open wound that was not closed with stitches or staples. (Id.) An unknown doctor monitored Plaintiff's condition. (Id.) Plaintiff developed methicillin resistant staph aureus ("MRSA") on his right forearm which he alleges was due to the use of a dirty or infected medical instrument. (Id.) Plaintiff was required to go for a second surgery which was approved by the Chief Medical Officer. (Id.)

---

[1] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

2

1       Plaintiff was taken into custody by the Fresno County Sheriff Department on November 16, 2016. (Id. at 5.) Plaintiff was transported to CRMC prior to booking at the jail to get medical clearance. (Id.) Plaintiff was admitted back into the care of CRMC. (Id.) Plaintiff was informed that he was going to be seen by an orthopedics surgical team. (Id.) The following day, pictures were taken of Plaintiff's arm and a pick-line was installed in his left bicep to administer medication to fight the MRSA infection and keep it from spreading. (Id.) Drs. Brambila and Macias performed surgery to prevent the MRSA infection from spreading which caused muscle and skin tissue to be removed from the infected area, creating an open wound. (Id. at 6.) Plaintiff received a permanent scar as a result of the surgery. (Id. at 7.)

      Plaintiff alleges that although he is in the custody of the Fresno County Jail he is not receiving proper treatment. (Id.)

      On February 15, 2017, Plaintiff filed a complaint which was screened and dismissed with leave to amend for failure to state a claim. (ECF Nos. 1, 4.) On March 6, 2017, Plaintiff filed a first amended complaint that was screened and dismissed with leave to amend for failure to state a claim. (ECF Nos. 5, 6.) On April 4, 2014, Plaintiff filed a second amended complaint. (ECF No. 11.)

      Plaintiff brings this action against CRMC and the following employees of the hospital: Chief Medical Officer, Dr. Supreet Manesh, Dr. Manteranch, Dr. Maximino Brambila, and Dr. F. Macias. (Sec. Am. Compl. 3.) Plaintiff contends that Dr. Manesh, Dr. Manteranch, Dr. Brambila, and Dr. Macias violated his rights under the Eighth Amendment to be free from cruel and unusual punishment by their unlawful actions and willful disregard for the health and safety of patient care; and the Chief Medical Officer violated his rights under the Eighth Amendment by failing to adequately supervise his subordinates. (Id. at 8.)

## III.

## DISCUSSION

Section 1983 provides a cause of action for the violation of a plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006);

Jones, 297 F.3d at 934. Liability under section 1983 does not arise for violations of duties imposed by state tort law. DeShaney v. Winnebago Cty. Dep't of Soc. Servs., 489 U.S. 189, 202 (1989). To state a claim under section 1983, Plaintiff is required to show that (1) each defendant acted under color of state law and (2) each defendant deprived him of rights secured by the Constitution or federal law. Long, 442 F.3d at 1185. Government officials may not be held liable under section 1983 for the actions of their subordinates under a theory of *respondeat superior*. Iqbal, 556 U.S. at 673.

The Eighth Amendment protects prisoners from cruel and unusual punishment which includes not only from inhumane methods of punishment but also inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 847 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347 (1981)) (quotation marks omitted). The Eighth Amendment is violated where prison officials deprived an inmate of something 'sufficiently serious,' and the deprivation occurred with deliberate indifference to the inmate's health or safety." Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010) (citations omitted). Deliberate indifference requires a showing that "prison officials were aware of a "substantial risk of serious harm" to an inmate's health or safety and that there was no "reasonable justification for the deprivation, in spite of that risk." Thomas, 611 F.3d at 1150 (quoting Farmer, 511 U.S. at 844).

Plaintiff brings this action against CRMC and its employees alleging deliberate indifference in violation of the Eighth Amendment, however, Plaintiff was not a prisoner when he admitted himself to the hospital on November 12, 2016. Although Plaintiff was on parole, he was not suffering from a deprivation of liberty that precluded him from obtaining medical care and "had no constitutional guarantee of State-provided medical care under the Eighth Amendment." Cook v. California, No. 116CV00674LJOSAB, 2016 WL 4161114, at *5 (E.D. Cal. Aug. 5, 2016); Sisco v. California, No. CIVS050867GEBJFMP, 2007 WL 1470145, at *20 (E.D. Cal. May 18, 2007), report and recommendation adopted, No. 205-CV-0867-GEB-JFMP, 2007 WL 1771380 (E.D. Cal. June 18, 2007); Wakefield v. Thompson, No. C 95-0137 FMS, 1996 WL 241783, at *5 (N.D. Cal. Apr. 30, 1996), aff'd, 185 F.3d 872 (9th Cir. 1999). The

4

1  Ninth Circuit has recognized that the prison may have a duty to provide medication for a
2  reasonable time for a parolee until the released prisoner is able to consult with a physician to
3  obtain a new prescription, Wakefield v. Thompson, 177 F.3d 1160, 1164 (9th Cir. 1999), but that
4  is not the situation alleged here. Since Plaintiff was not in custody of the State when he went to
5  the emergency room, Plaintiff's claims regarding his medical treatment prior to November 16,
6  2014, are not cognizable under the Eighth Amendment.

After Plaintiff was taken into custody, he was taken to CRMC where he was seen by an orthopedic surgical team who administered medication to keep the infection from spreading and performed surgery. While Plaintiff alleges that he is not receiving proper treatment while in custody, the second amended complaint is devoid of any factual allegations from which the Court can infer that Plaintiff is not receiving proper treatment. Iqbal, 556 U.S. at 678-79.

The Court finds that Plaintiff has not stated a cognizable claim under the Eighth Amendment against any named defendant.

**IV.**

**CONCLUSION AND RECOMMENDATION**

Plaintiff has failed to state a cognizable claim for relief against any named defendant for violation of his constitutional rights. Plaintiff has been provided with the opportunity to file three complaints to correct the deficiencies in his pleadings with guidance from the Court. The Court is persuaded that further amendment would be futile. See Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile.") Based on the nature of the deficiencies at issue, the Court finds that further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th. Cir. 2000); Noll v. Carlson, 809 F.2d 1446-1449 (9th Cir. 1987).

Accordingly, it is HEREBY RECOMMENDED that:

1. This action be DISMISSED, with prejudice, for failure to state a claim under section 1983; and

2. The Clerk's Office be directed to enter judgment in favor of Defendants Fresno Community Medical Center, the Chief Medical Officer, Dr. Supreet Manesh, Dr.

Manteranch, Dr. Maximino Brambila, and Dr. F. Macias.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **April 10, 2017**

UNITED STATES MAGISTRATE JUDGE