# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO G. PAEZ, JR., <br><br> Plaintiff, <br><br> v. <br><br> COMMUNITY REGIONAL MEDICAL CENTER, et al., <br><br> Defendants. | Case No. 1:17-cv-00215-LJO-SAB (PC) <br><br> ORDER ADOPTING IN PART FINDINGS AND RECOMMENDATIONS AND DISMISSING ACTION FOR FAILURE TO STATE A CLAIM <br><br> (ECF Nos. 11, 12) |

Plaintiff Guillermo G. Paez, Jr., is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On April 4, 2017, Plaintiff filed a second amended complaint that was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On April 11, 2017, the Magistrate Judge filed findings and recommendations (F&Rs), recommending dismissing the action for failure to state a claim. The F&Rs were served on Plaintiff and contained notice that any objections to the findings and recommendations were to be filed within thirty days from the date of service. The period for filing objections has passed and no objections have been filed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a de novo review of this case. Having carefully reviewed the entire file, the Court finds the

1

findings and recommendations largely to be supported by the record and by proper analysis. The Court adds the following observations about additional deficiencies in Plaintiff's second amended complaint to guide him in any future amendment.

The Eighth Amendment demands, among other things, that prison officials not act in a manner "sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). An Eighth Amendment claim based on inadequate medical care has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir.1992). A medical need is "serious" "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *Id*. (quoting *Estelle*, 429 U.S. at 104). "Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights." *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992).

Although Plaintiff has now alleged that he received some form of medical care after he was taken into custody, Plaintiff has failed to allege how any Defendant who cared for him after he was taken into custody acted with deliberate indifference. At best, Plaintiff's claims amount to medical negligence, which is insufficient.

Further, to state a claim for relief under § 1983, Plaintiffs must link each named Defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights. Plaintiff must specify which Defendant(s) is allegedly responsible for each violation of his constitutional rights and the factual basis of his Complaint must put each Defendant on notice of Plaintiff's claims against him. *See Austin v. Terhune*, 367 F.3d 1167, 1171 (9th Cir. 2004). In sum, Plaintiff must allege with specific facts who did what, when, and how it violated his Eighth Amendment rights.

In addition, Plaintiff attempts to impose liability on the unknown Chief Medical Officer for failing to supervise his/her subordinates adequately. Section 1983 does not permit this form of supervisory liability. *See Ashcroft v. Iqbal*, 556 U.S. 662, 673 (2009).

Finally, the Court agrees that amendment would be futile as to any events that took place

prior to the date on which Plaintiff was taken into custody, as the Eighth Amendment does not apply under such circumstances. However, Plaintiff will be afforded <u>one</u> more opportunity to amend his complaint with respect to events that took place after he was taken into custody. Plaintiff is warned that any such allegations must comport with the guidance provided in the F&Rs and in this Order and that he will not be afforded any further opportunities to amend his complaint.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations, filed April 11, 2017, is ADOPTED IN PART;
2. Plaintiff's Second Amended Complaint is DISMISSED for failure to state a cognizable claim for relief; and
3. Within thirty days of service of this order, Plaintiff shall file a third amended complaint. <u>If Plaintiff fails to meet this deadline, this case will be dismissed with prejudice.</u>

IT IS SO ORDERED.

Dated: **May 24, 2017**            /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE