# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO G. PAEZ, JR., <br><br> Plaintiff, <br><br> v. <br><br> COMMUNITY REGIONAL MEDICAL CENTER, et al., <br><br> Defendants. | Case No. 1:17-cv-00215-LJO-SAB (PC) <br><br> ORDER DISMISSING ACTION FOR FAILURE TO STATE A CLAIM AND FAILURE TO PROSECUTE |

## I. PROCEDURAL HISTORY

Plaintiff Guillermo G. Paez, Jr., appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983, filed a complaint in this action on February 15, 2017. The magistrate judge screened the complaint and it was dismissed with leave to amend for failure to state a claim on February 17, 2017. On March 6, 2017, Plaintiff filed a first amended complaint. Plaintiff's first amended complaint was dismissed with leave to amend for failure to state a claim on March 10, 2017.

Plaintiff filed a second amended complaint on April 4, 2017. On April 11, 2017, the magistrate judge screened Plaintiff's second amended complaint and issued a findings and recommendations recommending dismissing this action for failure to state a claim. On May 25, 2017, an order issued adopting magistrate's findings and recommendations in part and providing Plaintiff with an opportunity to file an third amended complaint within thirty days. More than thirty days have passed and Plaintiff has not filed a third amended complaint or otherwise responded to the Court's May 25, 2017 order.

## II. LEGAL STANDARD

The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000). A court may dismiss an action with prejudice based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for failure to comply with a pretrial order, the Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006) (internal quotations and citations omitted). These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. Id. (citation omitted).

## III. DISCUSSION

In this instance, the public's interest in expeditious resolution of the litigation and the Court's need to manage its docket weigh in favor of dismissal. In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d at 1226. Plaintiff has been provided with two prior opportunities to file an amended complaint. Plaintiff was ordered to file a third amended complaint within thirty days of May 25, 2017. Plaintiff has neither filed an amended complaint nor otherwise responded to the Court's order. Plaintiff's failure to comply with the orders of the

Court hinders the Court's ability to move this action towards disposition, and indicates that Plaintiff does not intend to diligently litigate this action.

Since it appears that Plaintiff does not intend to litigate this action diligently, there arises a rebuttable presumption of prejudice to the defendants in this action. In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994). As Plaintiff has not filed an amended complaint nor responded to the Court order, the risk of prejudice to the defendants also weighs in favor of dismissal.

The public policy in favor of deciding cases on their merits is greatly outweighed by the factors in favor of dismissal. It is Plaintiff's responsibility to move this action forward. This action can proceed no further without Plaintiff's cooperation and compliance with the order at issue, and the action cannot simply remain idle on the Court's docket, unprosecuted. In this instance, the fourth factor does not outweigh Plaintiff's failure to comply with the Court's orders.

Finally, a court's warning to a party that their failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424. The Court's May 25, 2017 order requiring Plaintiff to file a third amended complaint expressly stated: "If Plaintiff fails to meet this deadline, this case will be dismissed with prejudice." (ECF No. 13 at 11:-13 (emphasis in original).) Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order and his failure to state a claim.

**IV. ORDER**

Based on the foregoing, IT IS HEREBY ORDERED that this action is DISMISSED for failure to prosecute and failure to state a claim.

IT IS SO ORDERED.

   Dated:  **July 14, 2017**　　　　　　　　　　　　/s/ Lawrence J. O'Neill
　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES CHIEF DISTRICT JUDGE

3